UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RAYMOND JOE HODGE, | ) | NO. CV 11-03237 CJC (SS) |
| | ) | |
| Petitioner, | ) | |
| | ) | **MEMORANDUM AND ORDER DIRECTING** |
| v. | ) | |
| | ) | **PETITIONER TO FILE SUPPLEMENTAL** |
| GREG LEWIS, Warden, | ) | |
| | ) | **RESPONSE IN SUPPORT OF HIS EQUITABLE** |
| Respondent. | ) | |
| _____ | ) | **TOLLING ALLEGATIONS** |

On April 4, 2011, Raymond Joe Hodge ("Petitioner"), a California state prisoner proceeding pro se, constructively filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. On April 19, 2011, the Court issued an Order to Show Cause Why This Action Should Not Be Dismissed As Untimely. On May 3, 2011, Petitioner filed an Answer to the Order to Show Cause ("OSC Ans."), claiming that the Petition was delayed and that he was entitled to equitable tolling because he lacked access to the prison library.

On July 27, 2011, the Court directed Respondent to file a response addressing Petitioner's contentions regarding tolling. Respondent filed a Response re Tolling on December 23, 2011. ("OSC Resp."). On April 25, 2012, the Court directed Respondent to file a supplemental response specifically addressing Petitioner's claims that he did not have access to the prison law library during the relevant period. Respondent filed a Supplemental Response on June 8, 2012 ("OSC Supp. Resp.") and included the declaration of Elizabeth McCumsey, Senior Librarian at Pelican Bay State Prison ("McCumsey Decl."). Respondent also included records of Petitioner's library access and library material requests for the period between the time his conviction became final and the filing of his federal petition.

Petitioner argues that he is entitled to equitable tolling from April 15, 2008, when his judgment became final, through April 4, 2011, when he filed the instant Petition. Petitioner claims that "[f]rom January 16, 2008 to now Petitioner has been subject to 23-hour-per-day cell confinement all but approximately eight months." (OSC Answer at 7). In addition, Petitioner contends that from June 9, 2008 to March 14, 2011, "prison law library access for Facility B inmates was limited to only those inmates who were subject to 'approved court deadlines.'" (Id.). Because California does not have a statutorily prescribed deadline for habeas petitions, Petitioner contends that "it was impossible for Petitioner to show prison officials he was subject to any deadlines for filing his State petitions and he was therefore unable to personally access the Pelican Bay State Prison inmate law library" during that period. (Id. at 7-8). As a result, Petitioner states that he was required to "rely on the assistance of overworked fellow inmate

1  legal assistants assigned to work in the prison law library with whom
2  he had to communicate by slowly processed inter-facility mail, and on
3  the assistance of out-of-state family members and friends with whom he
4  had to communicate by U.S. mail . . ." (Id. at 8-9).  In support of his
5  restricted law library access claim, Petitioner submits twenty-four
6  "Program Status Reports" indicating that access to the prison law
7  library was limited to inmates with "approved court deadlines."  (Id.,
8  Ex. B at B1-B24).

10    Significantly, however, Respondent raises a factual question as to
11 whether Petitioner lacked access to the prison library.  According to
12 the Declaration of Elizabeth McCumsey, Senior Law Librarian at the
13 Pelican Bay State Prison in Cresent City, "[i]n general, access to the
14 prison law library is available to all inmates." (McCumsey Decl. at 1).
15 Library access request forms and legal material request forms are
16 available in all prison housing units. (Id.)  Additionally, legal
17 materials remain available during in the event of a prison lockdown.
18 (Id.).

20    The records attached to Respondent's Supplemental Response
21 indicate that Petitioner requested access to the prison law library
22 three times during the 275 days between the date his conviction became
23 final and the filing of his first state habeas petition in the Los
24 Angeles County Superior Court on January 15, 2009. (McCumsey Decl., Ex.
25 at 20-22).  All of the requests were granted, although Petitioner
26 refused to go to the library on one date and was apparently unable to
27 go to the library on another date because he was "moved to ASU." (Id.
28 20, 22).

1    Respondent's records further indicate that during the 304 days
2 between the date the Superior Court denied his first state petition on
3 March 24, 2009 and the date Petitioner filed his second state habeas
4 petition in the California Court of Appeal on January 22, 2010,
5 Petitioner requested and was granted personal access to the law library
6 eight times (05-19-09; 06-09-09; 06-30-09; 08-27-09; 09-23-09; 10-11-09;
7 11-21-09; and 12-15-09). According to Respondent, during that period,
8 Petitioner made one request for library materials, which were delivered
9 on August 28, 2009. (McCumsey Decl., Ex. at 12-19, 24).

11    While Petitioner's court of appeal petition was pending, Petitioner
12 requested and was granted personal access to the law library one time
13 -- February 3, 2010. On that date, Petitioner requested library
14 materials, which were delivered the same day. (Id. at 11, 26). In
15 addition, Respondent's records indicate that during the 105 days between
16 the date the court of appeal denied his second state petition on
17 February 18, 2010 and the date Petitioner filed his third state habeas
18 petition in the California Supreme Court on June 3, 2010, Petitioner
19 requested and was granted personal access to the law library eight
20 times (02-19-10; 03-04-10; 03-21-10; 04-05-10; 04-19-10; 05-01-10; 05-
21 15-10; and 06-01-10). Respondent's records show that Petitioner
22 requested library materials on the date of his February 19, 2010 visit
23 and that those materials were delivered to his cell the same day. (Id.
24 at 3-10, 25).

26    Finally, Respondent's records indicate that while Petitioner's
27 supreme court petition was pending, Petitioner requested and was granted
28 personal access to the law library twice (06-19-10; 10-08-10). (Id. at

1-2). Respondent's records show that during the 76 days between the date the state supreme court denied Petitioner's third state petition on January 19, 2011, and the date Petitioner constructively filed the instant federal Petition, Petitioner did not submit any requests for personal access to the law library but made a single request for law library materials, which were delivered to his cell on January 12, 2012. (Id. at 23).

Contrary to the claims in Petitioner's Answer to the Order to Show Cause, Respondent's records indicate that Petitioner regularly had personal access to the law library during the periods prior to filing his court of appeal and supreme court petitions. The records also indicate that Petitioner took advantage of his ability to request delivery of law library materials during that same period.

At this time, the Court reaches no conclusions regarding whether Petitioner is entitled to equitable tolling. The Court notes, however, that Petitioner's federal petition would be untimely even if he were entitled to equitable tolling for the entire period between the date his conviction became final and the date the superior court denied his petition. Indeed, after the superior court denied his petition, Petitioner waited 304 days before filing his court of appeal petition. Following the court of appeal's denial, Petitioner waited another 105 days before filing his state supreme court petition. And after the supreme court denied his petition, Petitioner waited 76 days before filing his federal petition. In total, 485 days elapsed between when Petitioner filed his first state habeas petition and his federal petition. Absent tolling, this delay exceeds the one-year statute of

1  limitations in which state prisoners have to file their federal habeas
2  petitions. See 28 U.S.C. § 2244(d)(1).

4      Petitioner is hereby ORDERED to file a supplemental answer to the
5  Order to Show Cause within fourteen (14) days of the date of this Order
6  specifically addressing Respondent's evidence concerning Petitioner's
7  personal law library access during the relevant period and his use and
8  the availability of law library materials requests during that time.

10      IT IS SO ORDERED.

12  DATED: October 2, 2012

        _____/S/_____
13      SUZANNE H. SEGAL
        UNITED STATES MAGISTRATE JUDGE