UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RAYMOND JOE HODGE, | ) | NO. CV 11-03237 CJC (SS) |
| | ) | |
|         Petitioner, | ) | **ORDER ACCEPTING FINDINGS,** |
| | ) | |
|         v. | ) | **CONCLUSIONS, AND RECOMMENDATIONS OF** |
| | ) | |
| GREG LEWIS, Warden, | ) | **UNITED STATES MAGISTRATE JUDGE** |
| | ) | |
|         Respondent. | ) | |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all the records and files herein, the Report and Recommendation of the United States Magistrate Judge, and Petitioner's Objections. After having made a de novo determination of the portions of the Report and Recommendation to which Objections were directed, the Court accepts the findings and conclusions of the Magistrate Judge. However, the Court addresses certain arguments raised in the Objections below.

In his Objections, Petitioner argues in part that he is entitled to statutory "gap" tolling for the 305-day period between the denial of his superior court habeas petition and the filing of his court of appeal habeas petition, and the 105-day period between the denial of his court

of appeal habeas petition and the filing of his supreme court habeas petition. (Obj. at 2-3). Petitioner notes that the superior court and court of appeal rejected his claims in reasoned decisions and that the supreme court's summary denial on habeas review is presumptively a denial on the merits. (Id.). According to Petitioner, because the "petition[s] [were] not dismissed as untimely," he is entitled to gap tolling, which he contends would render his Petition timely. (Id.).

While consideration on the merits is a "factor" the Ninth Circuit considers in determining whether a California habeas petition is timely filed, it is not an "absolute bellwether" of timeliness. See Trigueros v. Adams, 658 F.3d 983, 989-90 (9th Cir. 2011); Maxwell v. Roe, 628 F.3d 486, 496 (9th Cir. 2010) (citing Evans v. Chavis, 546 U.S. 189, 194, 126 S. Ct. 846, 163 L. Ed. 2d 684 (2010)). Indeed, the Supreme Court has explicitly rejected the proposition that a merits decision by a California state court necessarily indicates that the filing was timely. As the Supreme Court explained, there are many plausible reasons why a court will reject an untimely petition on the merits:

> A court will sometimes address the merits of a claim that it believes was presented in an untimely way: for instance, where the merits present no difficult issue; where the court wants to give a reviewing court alternative grounds for decision; or where the court wishes to show a prisoner (who may not have a lawyer) that it was not merely a procedural technicality that precluded him from obtaining relief. Given the variety of reasons why the California Supreme Court may

1      have included the words "on the merits," those words cannot by
2      themselves indicate that the petition was timely.

4 Carey v. Saffold, 536 U.S. 214, 225-26, 122 S. Ct. 2134, 153 L. Ed. 2d
5 260 (2002).

7     Here, the extremely brief decisions of both the superior court and
8 the court of appeal in rejecting the petitions merely list several
9 reasons why the petitions were deficient without any specific
10 application to the facts of Petitioner's case, and thus may indicate
11 that "the merits present[ed] no difficult issue." Id. at 225; (see also
12 Lodgments 10 & 12). Furthermore, as explained in the Report and
13 Recommendation, none of the extraordinary factors justifying a lengthy
14 gap between state habeas filings, such as the protracted evidentiary
15 hearing following the superior court's denial of petitioner's habeas
16 petition in the "unusual case" of Maxwell v. Roe, which required a
17 complete reworking of the petition, are present here. See Maxwell, 628
18 F.3d at 497; (R&R at 16-19). In contrast, all three of Petitioner's
19 state habeas petitions are substantively identical and to a large extent
20 are verbatim copies of one another. (See id. at 18, 20); see also
21 Velasquez v. Kirkland, 639 F.3d 964, 968 (9th Cir. 2011) ("Moreover,
22 each of [petitioner's] habeas petitions is nearly identical to the
23 petition that came before it. It is not reasonable that [petitioner's]
24 counsel would need excess time essentially to re-file an already-written
25 brief."); Waldrip v. Hall, 548 F.3d 729, 737 (9th Cir. 2008)
26 ("Additionally, the December 11 petition was nearly identical to the
27 October 31, 2001 petition and counsel could easily have filed it sooner
28 than December 2002."). Therefore, the fact that the state courts

3

rejected Petitioner's habeas petitions on the merits is not dispositive of the timeliness issue. The state courts' merits disposition is not a bar to this Court finding that the petitions were also untimely.

Petitioner further contends that he was diligent in his efforts to assemble evidence for his petitions, particularly his case file, and is therefore entitled to equitable tolling. (Obj. at 12-15). In support of this argument, Petitioner attaches several exhibits to his Objections, most of which are entirely irrelevant and none of which advance his equitable tolling argument. The letters dated January 26, 2011 and November 21, 2011 in Exhibits A-1 and A-2 were mailed <u>after</u> the state supreme court denied Petitioner's habeas petition on January 19, 2011, and thus do not explain the delays in Petitioner's state court filings. Similarly, the documents dated 2007, <u>i.e.</u>, all or nearly all of the documents in Exhibits A-3, A-4, A-5, A-6, and A-7, concern Petitioner's direct appeal and similarly do not explain why Petitioner is entitled to equitable tolling after the statute of limitations began to run on April 16, 2008.

The remaining handful of documents from 2009 reflect Petitioner's efforts to obtain copies from Petitioner's counsel of documents he believes were in his case file, including the statement from the tow yard indicating who his vehicle was sold to and Verizon telephone records. (<u>See, e.g.</u>, Exh. A-2 at 4). However, these records, if they exist, are merely evidence in support of claims that Petitioner actually raised in his state petitions and were not necessary to state his claims. See <u>Ford v. Pliler</u>, 590 F.3d 782, 790 (9th Cir. 2009) ("[Petitioner] is not entitled to equitable tolling on the ground that

1 he did not have his legal files because the record shows that he was
2 aware of the factual basis of his claims without them."); (see also
3 Lodgment 9 at 27-29, 38-40) (state superior court petition raising
4 police and prosecutorial misconduct claim based on disposal of
5 Petitioner's vehicle and ineffective assistance of counsel claim based
6 on failure to subpoena cell phone records).  Consequently, Petitioner's
7 efforts to obtain these records fail to show an entitlement to equitable
8 tolling.

10    **IT IS ORDERED** that the Petition is denied and Judgment shall be
11 entered dismissing this action with prejudice.

13    **IT IS FURTHER ORDERED** that the Clerk serve copies of this Order and
14 the Judgment herein on Petitioner at his address of record.

16    **LET JUDGMENT BE ENTERED ACCORDINGLY.**

18 DATED: February 21, 2013

  CORMAC J. CARNEY
  UNITED STATES DISTRICT JUDGE